2157 ACP LLC v Famous Indus., Inc. (2021 NY Slip Op 01478)





2157 ACP LLC v Famous Indus., Inc.


2021 NY Slip Op 01478


Decided on March 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

Before: Webber, J.P., Kern, Scarpulla, Mendez, JJ. 


Index No. 155888/17 Appeal No. 13325 Case No. 2020-01713 

[*1]2157 ACP LLC, Plaintiff-Respondent-Appellant,
v
Famous Industries, Inc., et al., Defendants-Appellants-Respondents.


Joseph A. Altman P.C., Bronx (Joseph A. Altman of counsel), for appellants-respondents.
Jeffrey M. Rosenberg, P.C., New York (Jeffrey M. Rosenberg of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about November 7, 2019, which denied plaintiff and defendants' motions for summary judgment, unanimously affirmed, without costs.
In an effort to fulfill the requirement of a Site Development Agreement to timely obtain a loan commitment letter, plaintiff acquired a document titled "Commitment Letter" that contained specific terms and conditions upon which, subject to due diligence and consideration, Corvin Capital, LLC would commit to provide a loan to plaintiff. In interpreting the document, the "plain meaning of words and phrases should be determined and the language construed so as to give full meaning and effect to all provisions" (V.C. Vitanza Sons v New York City Hous. Auth., 7 AD3d 398, 398 [1st Dept 2004]). The preamble language does not alter or neutralize the content of the straightforward material provisions offering a commitment to provide a loan.
However, the trial court properly denied summary judgment to either party because issues of fact exist as to, among other things, whether the Commitment Letter would satisfy the loan amount requirement in the Site Development Agreement given that there is no evidence presented to define the "as is" value of the subject property, and as to whether plaintiff was excused from making the $50,000 expense deposit at that time.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2021